Mr. Saul Smolar City Attorney City of Deerfield Beach 150 Northeast Second Avenue Deerfield Beach, Florida 33441
Dear Mr. Smolar:
You have asked for an opinion on substantially the following questions:
 1. May security officers employed by the Broward County District School Board receive copies of juvenile offense reports for internal school purposes without a court order?
 2. If the district school board contracts with the municipality to have municipal police officers work full time in the school as school resource officers, are the reports the officer prepares police reports or internal school reports?
 3. If a juvenile is involved in a burglary of a home, can a copy of the police report be given to the homeowner if all references to the juvenile are deleted?
Based upon the following analysis, I am of the opinion that:
 1. District school security officers who are not law enforcement officers are not authorized to receive juvenile offense reports prepared pursuant to Part II, Ch. 39, F.S., without a court order.
 2. The determination of whether records prepared by police officers assigned to and working full time in a school as school resource officers are police records or internal school reports presents a mixed question of law and fact which this office cannot resolve.
 3. A copy of the police report relating to a juvenile may not be released to a homeowner, without a court order, even though all references to the juvenile are deleted.
QUESTION ONE
According to the information supplied to this office, the security officers employed by the Broward County District School Board are not law enforcement officers. Although at one time the security officers were deputized by the sheriff and thus allowed to obtain juvenile offense reports pertaining to acts or offenses committed on school grounds, you state that the sheriff no longer deputizes these individuals.
Your letter does not specify the nature of the juvenile offense records involved in this inquiry. It appears, however, that your inquiry concerns those records prepared by law enforcement officers pursuant to the Florida Juvenile Justice Act, codified as Ch. 39, F.S., in carrying out their official duties.
Section 39.03(1)(b), F.S., provides that a child may be taken into custody for, among other things, a delinquent act or violation of law, pursuant to Florida law relating to arrest. Subsections 39.03(2)(a), (b), and (3), F.S., however, require that when a child is taken into custody for a delinquent act, the person who takes the child into custody is required to make a written report to the appropriate intake officer, stating the facts which result in the child being taken into custody.[1]
Section 39.12(4), F.S., provides in pertinent part that all official records required by Ch. 39, F.S., are not open to public inspection and may only be inspected by certain designated persons or those found by the court to have a proper interest therein. In addition, s. 39.12(5), F.S., provides:
 Except as provided in subsections (3) and (8), all information obtained pursuant to this chapter in the discharge of official duty by any judge, any employee of the court, any authorized agent of the department, the Parole and Probation Commission, the Department of Corrections, or any law enforcement agent shall be confidential and shall not be disclosed to anyone other than the authorized personnel of the court, the department and its designees, the Department of Corrections, the Parole and Probation Commission, law enforcement agents, and others entitled under this chapter to receive that information, except upon order of the court.[2] (e.s.)
Section 39.12(8), F.S., however, provides that Ch. 39, F.S., shall not be construed as prohibiting the publication of the name and address of a child who is alleged to have committed a violation of law. A law enforcement agency may release for publication the name and address of a child taken into custody if the child is 16 years of age or older and has been taken into custody by a law enforcement officer for a violation of law which, if committed by an adult, would be a felony. In addition, a law enforcement agency may release the name and address of any child 16 years of age or older who has been found by a court to have committed at least three or more violations of law which, if committed by an adult, would be misdemeanors.
I am not aware of any provision in Ch. 39, F.S., which would permit school security officers, who are not law enforcement officers, to obtain copies of the official reports prepared by law enforcement officers pursuant to Ch. 39, F.S., absent a court order, nor have you directed my attention to any such provision.[3] In the absence of such a provision and in light of the confidentiality requirements for such juvenile records, it appears that your first question must be answered in the negative.
QUESTION TWO
Resolution of your second question presents a mixed question of law and fact which this office cannot resolve. A determination would have to be made in any given instance as to whether the report was prepared by the law enforcement officer pursuant to Ch.39, F.S., or as a school resource officer.[4] As noted in the previous question, all information obtained pursuant to the Florida Juvenile Justice Act in the discharge of official duty by a law enforcement officer is confidential and may not be disclosed except as provided in Ch. 39, F.S.[5]
QUESTION THREE
As previously stated, s. 39.12(5), F.S., provides that "[a]ll information obtained pursuant to [the Florida Juvenile Justice Act] in the discharge of official duty by any judge, any employee of the court, any authorized agent of the department, the Department of Corrections, or any law enforcement agent shall be confidential and shall not be disclosed to anyone" except as prescribed therein. Thus, the statute does not merely provide for the confidentiality of the identity of the juvenile but rather requires that all information regarding the juvenile obtained by law enforcement agents pursuant to Ch. 39, F.S., not be released except as provided therein.
You have not brought to the attention of this office any provision in the Florida Juvenile Justice Act which would permit the disclosure of such records, regardless of whether the juvenile's name had been deleted from such records, absent a court order.[6] In the absence of such a provision and in light of the requirement of confidentiality for records prepared pursuant to the Florida Juvenile Justice Act, it appears that your third question must be answered in the negative.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 39.01(5), F.S., defining "[t]aken into custody" as "the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child's release, detention, placement, or other disposition as authorized by law."
[2] But see, s. 230.335(1)(b), F.S., providing that notwithstanding the provisions of s. 39.12(8), F.S., or any other provision of law to the contrary, the court, shall within 48 hours of the finding, notify the appropriate superintendent of schools of the name and address of the student found to have committed a delinquent act, or who has had an adjudication of a delinquent act withheld which, if committed by an adult, would be a felony, or the name or address of any student found guilty of a felony.
 Subsection (2) of the statute states that except to the extent necessary to protect the health, safety, and welfare of other students, the information obtained by the superintendent of schools pursuant to this section may be released only to appropriate school personnel or as otherwise provided by law.
[3] See, s. 230.2318, F.S., creating a statewide school resource officer program and providing for local school resource officer plans.
[4] See generally, AGO's 80-8 (law enforcement agents may not disclose to media any information or knowledge concerning alleged juvenile offender); 75-100 and 70-113 (juvenile offense reports are confidential and may not be released for public inspection).
[5] Cf., AGO 75-100 stating:
 The circuit court has exclusive and original jurisdiction of proceedings in which a child is alleged to be delinquent. . . . When a child is taken into custody for a delinquent act, the person who takes the child into custody is required to make a written report to the appropriate intake officer. . . . [O]nce this report is made by the person taking the child into custody, it becomes a court record; and except for traffic violations, such records are not open to inspection by the public unless so ordered by the judge.
[6] See, s. 39.12(4), F.S., providing, among other things, that all records shall be inspected only upon order of the court by persons deemed by the court to have a proper interest therein, with certain enumerated exceptions.